## HOLBECK v SQUIRE et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14694. Decided Feb 1, 1937

Paul Howland, Cleveland, for plaintiff.

W. C. Boer, Cleveland, for Austin A. Holbeck and Halvor F. Holbeck, defendants.

Baker, Hostetler, Sidlo & Patterson, Cleveland, for Inez Holbeck, guardian ad litem of Mary Holbeck, defendant.

Thomas E. Hann, Cleveland, for liquidator.

KLINGER, PJ, and GUERNSEY, J, (3rd Dist) and HORNBECK. J, (2nd Dist) sitting by designation.

## OPINION

**By THE COURT**

This is an appeal under the law prior to the effective date of the new Appellate Act, from a judgment of the Common Pleas Court, and is therefore presented to us de novo.

The action is to terminate a living trust which was made and executed on June 17, 1935. The trust agreement designated Grace F. Holbeck as the first party who "has this day deposited with second party (which was The Union Trust Company) the sum of $25,000.00 in cash" which, together with any additions thereto, was to constitute the trust estate. We will not undertake to recite in extended detail the provisions of the trust agreement beyond the necessity of presenting the questions pertinent to our decision.

The trustee was given general authority to handle, manage, sell, invest and re-invest in such manner as to it seemed wise, the trust funds constituting the corpus of the trust, with the provision that no sale, investment or re-investment of the trust estate should be made without the written order of first party, her husband, Austin A. Holbeck, and her son, Halvor F. Holbeck, or the survivors of them. After certain expenses incident to management were to be taken from the gross income of the trust from the net income thereof four-fifths was to be paid to the first party in approximately equal monthly installments; one-fifth of the net income of the trust was to be paid in like manner to her son, Halvor F. Holbeck.

The trust indenture further provided:

"Upon the death of first party, the net income which she would have received, if living, shall be divided share and share alike among the children of first party and her husband, Austin A. Holbeck, including her said son, Halvor F. Holbeck, counting as one such child the heirs of the body of the deceased one. Upon the death of said son of the first party, the net income to the heirs of his body, if any, per stirpes, and in default of such heirs to first party."

It is provided that the trust shall terminate upon the death of the first party and

her son, Halvor F. Holbeck, at which time four-fifths of the trust estate is to be paid over share and share alike to the children of first party, including the son, Halvor F. Holbeck. The remaining one-fifth of the trust estate to be paid over to the heirs of the body of Halvor F. Holbeck and in default of such heirs to be distributed as is provided for the income from the four-fifths of the estate.

The agreement incorporates language which is appropriately used in a spend-thrift clause and in our judgment constitutes a spendthrift trust. The first party reserved the right from time to time, with the written consent of her husband and son, or the survivors of them, to withdraw any part or all of the trust estate.

It is further provided that "the agreement may be altered, modified or terminated at any time at all on the joint order of first party, her husband and son, or the survivors of them * * *."

On October 11, 1927, upon the joint order of Grace F. Holbeck, Halvor F. Holbeck and Austin A. Holbeck, the trust agreement was revoked as to a sum of money in the amount of $5000.00; and the trustee was instructed to sell or pledge certain assets of the trust to produce said sum and it was provided that the withdrawals to be made would be charged against the benefits accruing to the son, Halvor F. Holbeck. At about the time of this revocation the trustee made a notation in the form of an endorsement on the revocation to the effect that the letter of revocation 'revokes Halvor F. Holbeck's rights under the agreement and no further payments of income and principal are to be made to him "

The action upon which issues are drawn in this court is based upon an amended petition seeking to terminate the trust upon four grounds.

1. That the plaintiff is the beneficial owner of the entire trust fund of $20000.00.

2. That the object for which the trust was created is now no longer attainable and therefore no longer exists.

3. That circumstances not known to the first party and not anticipated by her, rendered it impossible for the trust to accomplish the purpose for which it was created.

4. Fraud, concealment and undue influence in connection with the confidential relation of husband and wife.

In 1931, the plaintiff instituted her action against her husband Austin A. Holbeck, for divorce, alimony and settlement of property rights as the result of which, on the 16th day of June, 1932, a decree of divorce was granted to the plaintiff for the aggression of her husband, and permanent alimony was awarded to her.

In this action the court, for the purpose of determining the property rights of the parties, and fixing the alimony to be awarded to the plaintiff, considered and construed the trust agreement and fixed the respective rights of the plaintiff and defendant in that instrument. The decree recited, among other things,—

"that said defendant, for the benefit of Grace F. Holbeck, and her son, deposited with The Union Trust Company, the sum of $25,000.00 in cash, which constituted at that time their entire trust estate; that said trust was made **irrevocable unless Austin A. Holbeck, the defendant, Halvor F. Holbeck, the son, and Grace F. Holbeck, the plaintiff all joined in a revocation to the trustee."** The revocation to the extent of $5000.00 was set forth. The court then adjudged and decreed that all the right, title and interest of the defendant in and to said trust fund and the income therefrom should be assigned and transferred by defendant to the plaintiff and that in default of such transfer the decree should operate as such assignment and transfer. Further that all the powers of revocation vested in defendant by virtue of the trust agreement were set aside and all of his rights to revoke said instrument were granted to the plaintiff and **"the power of revocation and termination of said trust agreement is exclhsively in the plaintiff and her son, Halvor F. Holbeck."** (Emphasis ours).

The court then required the defendant to pay a certain mortgage indebtedness on real estate owned by defendant which was awarded to the plaintiff. There was a further award of cash alimony amounting in the aggregate to $12,000.00.

The amended petition has been tested in this court in this jurisdiction on general demurrer, which was overruled. Testimony has been taken in behalf of the plaintiff before a special master commissioner, appointed for that purpose.

The factual proof submitted by the plaintiff is to the effect that while the plaintiff and her husband were living happily together and while the husband was prospering materially, he gave to the plaintiff the sum of $20,000.00 and at the same time gave to their son, Halvor F. Holbeck, $5000.00. That some time thereafter

the defendant went to The Union Trust Company and caused the trust agreement to be prepared. That thereafter he advised the plaintiff what he had done and requested her to go with him to the trust company, which was done, and that she then and there executed the trust agreement. That on the night of the day the agreement was executed, she read it, noted the provisions therein requisite to revocation, discussed them with her husband at which time he assured her that at any time she might desire that the trust agreement be revoked he would immediately join with her to accomplish that purpose as would their son, Halvor F. Holbeck. It is the claim that because of the confidential relation of husband and wife he exercised undue influence over her and caused her to do that which she would not have otherwise done. That she was at all times the absolute owner of $20,000.00 of said trust fund and that $5000 00 thereof, and no more was owned by her son, Halvor F. Holbeck.

That when Halvor F. Holbeck withdrew his $5000.00 from said trust fund, he no longer owned or possessed any interest therein. From these facts it is asserted that the grounds upon which termination is sought have been established.

Considerable discussion is indulged between the parties whether or not the plaintiff or her husband invested the fund which constituted the corpus of the trust. The indenture itself recites that the plaintiff invested the fund and upon that statement alone it must be concluded that she advanced the money. However, the trial judge, in the divorce case, expressly found that the husband had advanced the funds constituting the corpus of the trust. In our view of the case, it is immaterial whether the husband advanced it or the plaintiff. In either situation the plaintiff was designated the settlor in the written instrument, and her right of revocation is determined by the terms of this instrument, if it is valid and binding upon her. Likewise the trial court in the divorce case awarded all the interest of the husband in the trust fund to the plaintiff. Thus far we are satisfied the court was well within its jurisdiction in so determining. The court went further, and relieved the defendant from any authority of revocation and termination of the trust agreement as therein set forth.

We are of the opinion whether or not the court had the authority to make this determination is not decisive of the question presented here.

There is another factor well defined in the amended petition and urged at considerable length in oral argument and in the briefs, namely, that undue influence was exercised by the husband upon the plaintiff to fraudulently induce her to execute the trust agreement. Counsel for plaintiff, in his brief, carefully limits the scope of this class of testimony. At page 7 of the brief this language is employed:

"This is not an action to set aside fraudulent conveyance."

We understood in oral argument that the right of the plaintiff to have the trust agreement terminated because of fraud and undue influence practiced by the husband upon her, was urged. If so we would be required to say that a fair consideration of the whole record discloses a failure of proof of this claim. There was nothing savering of undue influence practiced by the husband upon the plaintiff prior to the execution of the trust agreement and no material misrepresentations are claimed by the plaintiff in her testimony after its execution, except that the husband assured her that there would be no difficulty in revoking the agreement But it is not claimed that the son was a party to this understanding. In fact the plaintiff says that he was not even in the room when the matter was discussed. She then had a fair comprehension of the effect of the terms of the trust agreement and must have known that the consent of the son would be essential to any act of revocation. No court could bind the son to join in an act of revocation upon the statement of his father that he would do so.

If this trust agreement is not set aside upon the one ground upon which it could be set aside as a binding written agreement, then it must be considered and construed upon the terms and conditions therein appearing.

So considering this agreement, there can be no doubt that the interest of the son is not confined to $5000.00 of the corpus and the income therefrom. Clearly he had an interest in the $20,000.00 and in the income therefrom definitely set forth.

Then too, he was given equal authority with the plaintiff and his father, respecting the revocation of the trust agreement. Unless the instrument is set aside or unless it is terminated upon some of the grounds other than fraud practiced upon

the plaintiff, it can be revoked only upon the conditions set out by the parties to the instrument which ex vi termini require that the son join in revoking all or any part of the trust agreement.

The first proposition of the brief of plaintiff is that she is the beneficial owner of the entire trust fund of $20,000.00. This conclusion can only be reached if the terms of the indenture be ignored and it be set aside. The construction which the trustee placed upon the interest of Halvor F. Holbeck at the time that $5000.00 of the corpus of the trust was withdrawn for the benefit of Halvor F Holbeck, can, of course, be of no weight as a judicial determination of the question.

The second ground is that the purpose of the trust is no longer attainable because The Union Trust Company, trustee, no longer exists; has been taken over by a liquidator, and is not the entity which was contemplated as the designated trustee. Further that the trustee cannot make profitable and appropriate investments because of the antagonism between plaintiff and her son.

The amended petition does not seek the naming of a new trustee but relies entirely upon the prayer for termination of the trust. It is a well recognized principle of law that no trust will fail for want of a trustee. This, of course, has its exceptions, and we are cited to the case of **Rogers v Rae, Trustee et, 98 Oh St 315**, also reported in **21 Nisi Prius (N.S.) 129**. The third paragraph of the syllabus in the later report clearly states the facts which differentiatae the cited case from the instant case:

"A residuary bequest was made to C 'for any such charitable purposes that he may deem proper and designate in such amounts as he may designate and think best, for permanent or temporary charities' but C. had died prior to the testatrix, and the Probate Court appointed the executor of the will also trustee to carry out such charitable trust. Held: (1), the item would create a valid charitable trust if the trustee were living. (2) The discretion vested in the named trustee is so personal in its nature and so comprehensive in its character as to make him indispensable to the validity of the trust. (3) No charitable trust was created independent of the named trustee. A bequest to charity generally without the presence of some one to exercise the discretionary power granted in the will must fail."

In this case, if the trustee named in the indenture for any reason is not qualified to properly administer the duties of trustee, devolving upon it, then there is another individual or association which would be as well qualified as the named trustee to carry out the purposes of the trust. There is no discretion vested in the trustee of such personal nature as to make it indispensible to the accomplishment of the purposes of the trust and a court of proper jurisdiction could, upon showing justifying the action. remove the named trustee and appoint another.

It is asserted further that the divorce of the plaintiff from her husband, Austin A. Holbeck, rendered the accomplishment and object of the trust inequitable, impracticable and obnoxious. The divorce decree took away from the husband any and all rights which he held thereunder as a beneficiary and to that extent the purposes of the trust could not be obnoxious to the plaintiff, inasmuch as her former husband was receiving none of the benefits therefrom.

We do not have the question whether or not his right to join in a revocation of the trust would render its accomplishment inequitable and impracticable, because the difficulty presented does not arise because of authority vested in him, but because of the joint authority vested in the son, Halvor F. Holbeck, who is also a beneficiary in the trust.

We find no emergency or any circumstance not known to the settlor or anticipated by her, which rendered impossible the accomplishment of the purposes for which the trust was created.

She now has under the divorce decree, all the rights which were granted to her husband as beneficiary under the trust agreement. The son is still living and he now has a child who has a contingent beneficial interest in the trust fund.

There then is no such change in the relation of the parties as could not have reasonably been within contemplation of the plaintiff when the trust agreement was executed.

If decisive, we would have a very serious question as to the right of the plaintiff to terminate this trust, because of the decree in the divorce case finding that the plaintiff was entitled only to "the income from the entire trust estate during her lifetime."

If this is res judicata, or, if the plaintiff is estopped to deny an adjudication of the court which she invoked to be made, then it would be improper to terminate the trust, and give her the corpus thereof, when she is entitled to a life estate only. However, we do not ground our conclusion upon res judicata or estoppel though we express no opinion to the effect that either or both might not be controlling in this case.

We are satisfied that plaintiff has not made a case warranting the termination of the trust agreement.

The prayer of the petition will be denied. Judgment accordingly.

KLINGER, PJ, GUERNSEY and HORN-BECK, JJ, concur.