[Cite as *Marcinkevicius v. Galloway*, 2026-Ohio-1280.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| EGIDIJUS MARCINKEVICIUS, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 115391 |
| v. | : | |
| ROBERT R. GALLOWAY, ET AL., | : | |
| Defendants-Appellants. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 9, 2026

Civil Appeal from the Cuyahoga County Court of Common Pleas
Probate Division
Case No. 2024-ADV293913

***Appearances:***

McDonald Hopkins, LLC, Franklin C. Malemud, Tyler L. Mathews, and Alex Tominc, *for appellee.*

Vorys, Sater, Seymour and Pease LLP, Andrew D. Fleming, Karey E. Werner, and Kara M. Mundy; Holland & Knight, LLP, Benjamin McGovern, pro hac vice, and Krithika Rajkumar, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} On November 27, 2024, "Egidijus Marcinkevicius, Administrator WWA of the Estate of Gary L. Bryenton" ("Administrator" or "Appellee") filed a

complaint to appoint a successor trustee to the Gary L. Bryenton Declaration of Trust (hereinafter, "the Trust"). The trial court appointed a successor trustee that Barbara Bryenton ("Appellant" or "Barbara") now challenges in this appeal, contending that the trial court's appointment violated R.C. 5807.04(C) and that the record was insufficient for the trial court to make this appointment. For the reasons that follow, we affirm.

{¶ 2} Gary L. Bryenton ("Gary") died on November 17, 2022, and was survived by his wife, Barbara, and daughters, Elisabeth and Susan. The record indicates that Barbara and Elisabeth do not get along with Susan. Prior to his death, Gary executed a will and later a codicil, the originals of which could not be located following his death. Robert R. Galloway ("Galloway"), who was appointed Gary's personal representative in the codicil accordingly filed an application to probate the lost will, which was accepted and admitted by the court in August 2023. At the same time, the court issued letters of authority to Administrator to act as the successor fiduciary of Gary's estate.

{¶ 3} The will left the residuary of his estate to the trustee of the Trust. The latest version of the Trust instrument provided:

> If I cease to serve as Trustee, my successor shall be one or more persons or entities as I may designate in writing lodged with the Trust records. If I make no such designation, or the persons I have designated are not able to serve as my successor, then my successor shall be Robert R. Galloway or such one or more persons or entities as he may designate in a writing lodged with the Trust records.

{¶ 4} Galloway rejected his trusteeship and did not designate a successor trustee. Accordingly, Administrator filed the complaint forming the basis of this appeal asking the court to appoint a successor trustee because Administrator had funds from the residuary of the estate that he was responsible for distributing to the Trust or trustee, according to Gary's will.

{¶ 5} In January 2025, Administrator filed a motion alerting the court that in a separate case pertaining to Gary's estate, Cuyahoga C.P. No. 2023-EST-278532 ("the Estate Case"), Barbara and Elisabeth filed a "Notice of Appointment of Trustee(s) and Intention to Finalize Trusteeship Documents." This filing indicated that Barbara was appointing herself and Elisabeth as successor trustees pursuant to the terms of the Trust.

{¶ 6} Barbara filed an answer and a separate motion to dismiss the case, arguing that under the terms of the Trust, Barbara had been granted authority to remove a trustee with good cause and appoint a successor trustee. The section of the Trust that Barbara relies on provides:

> An individual Trustee (other than me) may be removed at any time with good cause, and a corporate Trustee may be removed at any time with or without cause, by the following persons, in order: my wife, or if she is not able then by my brother Alan, or if he is not able then by each beneficiary with respect to her separate Trust. Upon such a removal, or if a Trustee ceases to serve and no successor is designated pursuant to [the section naming Galloway], then a successor Trustee may be appointed by the persons described in the preceding sentence having the power to remove a Trustee; provided, a Trustee appointed by a daughter of mine must be a bank or trust company of national prominence.

**{¶ 7}** Susan appeared and filed a motion to appoint an "institutional trustee," arguing that an institutional trustee is consistent with Gary's wishes and ensures that the administration of the Trust would be fair. She cited concerns about potential financial misconduct, providing that "Barbara & Elisabeth, have now made it abundantly clear that they would not treat me, Susan, with any kind of respect or fairness." In response, Barbara filed a "motion to correct inaccuracies and clarify appointment of co-trustees" wherein she disputed the allegations that Susan made in her motion and reiterated that pursuant to the Trust terms, she had appointed herself and Elisabeth as co-trustees. Susan, now acting through counsel, filed a responsive motion asking the court to strike all pro se filings of Barbara, arguing that Elisabeth had "exercis[ed] undue influence" over Barbara and prepared legal filings on Barbara's behalf. Susan fired her counsel and did not retain any other counsel. In June 2020, Susan, pro se, filed an additional motion to "strike down lies, deceptions and delusions."

**{¶ 8}** Following a pretrial on March 12, 2025, the trial court issued a journal entry indicating that nonparties Susan and Elisabeth did not file any motions to intervene and therefore are not proper parties to the case, and that Elisabeth, going forward, may not file pleadings on Barbara's behalf or act as her attorney. A transcript of this hearing is not included in the appellate record. A full hearing was set for May 1, 2025, and the court ruled that "only the parties to this action and their counsel will be permitted to present testimony and evidence in this matter."

{¶ 9} On March 27, 2025, the court granted Administrator's motion to dismiss and strike Barbara's notice of appointment of trustees that designated her and Elisabeth as co-trustees. Shortly thereafter, Elisabeth and Susan filed their respective motions to intervene and Barbara hired new counsel; the full hearing was continued to June 23, 2025. Neither of the motions to intervene were ruled upon prior to trial.

{¶ 10} At the June 23, 2025 hearing, Administrator addressed the court stating that he filed this action because Galloway had not appointed a successor and that "[i]t's up to the Court to decide if since that time that the subsequent filings have changed that, or whether or not the Court still retains jurisdiction and has discretion to appoint whoever they want." (Tr. 3.) Barbara's counsel requested that the court dismiss the complaint for lack of jurisdiction because the latest modification of the Trust permitted Barbara to appoint a successor trustee, which she had done pursuant to the contents of the Trust instrument, thus rendering the complaint moot. This constituted the entirety of the hearing, and Barbara contends that it lasted only four minutes. There were no sworn witnesses nor was any evidence introduced.

{¶ 11} The trial court ultimately appointed "an independent, non-interested attorney" based on the hearing and filings received. The court found that "a beneficiary of the Trust, Susan Bryenton, has filed multiple documents with the Court asserting that Barbara and Eli[s]abeth, as Co-Trustees, have demonstrated bias against her and would be unable to [fairly] administer the Trust."

{¶ 12} Barbara appeals the court's appointment, assigning two errors for our review:

> The Probate Court committed an error of law and abused its discretion by disregarding and superseding Appellant's lawful appointment of successor co-trustees under Ohio Revised Code § 5807.04 and pursuant to the clear terms of the subject trust.

> The Probate Court committed an error of law and abused its discretion by relying on unsworn allegations and a four-minute "trial" to adjudicate the substantive rights of the parties.

{¶ 13} Initially, we address the supplemental briefing that this court ordered pertaining to our jurisdiction to hear and consider the appeal. We asked the parties to file supplemental briefs addressing whether the court's order constituted a final appealable order since it ordered that the court would appoint an uninterested attorney but did not yet designate the identity of the successor trustee. The parties agree that pursuant to R.C. 2505.02, this order was final and appealable because it occurred in a special proceeding and affects a substantial right that determines the action and prevents a judgment. We also agree and proceed to the merits of this appeal.

{¶ 14} Barbara's assigned errors both dispute the trial court's appointment of a successor trustee, but for different reasons. First, Barbara asserts that the trial court erred in overriding Barbara's alleged appointment. Second, she asserts that the court erred in making this determination based on unsworn allegations. We elect to discuss these errors together.

{¶ 15} R.C. 5802.01(A) provides that "[a] court may intervene in the administration of a trust to the extent its jurisdiction is invoked by an interested

person or as provided by law." Under R.C. 2101.24(B)(1)(b), probate courts may hear and determine "any action that involves an inter vivos trust." And, R.C. 2101.24(C) "confers broad authority to the probate court to address collateral matters, including 'plenary power at law and in equity to dispose fully of any matter that is properly before the court.'" *Franklin v. Franklin*, 2010-Ohio-4251, ¶ 14 (8th Dist.).

{¶ 16} Barbara's first assigned error submits that the court erroneously applied R.C. 5807.04(C) that governs the appointment of successor trustees in the event of a vacancy. It provides that trusteeship vacancies must "be filled in the following order of priority":

(1) By a person designated in the terms of the trust to act as successor trustee;

(2) By a person appointed by someone designated in the terms of the trust to appoint a successor trustee;

(3) By a person appointed by unanimous agreement of the qualified beneficiaries;

(4) By a person appointed by the court.

{¶ 17} "One of the important functions of the court of equity is to assist in enforcement and administration of trusts, and hence to make such orders and decrees as will secure the carrying out of the creators' expressed intent, as to the dispositive provisions, as to the directions, as to the methods to be used, and as to the details of the administration to be followed by the trustee." *Papiernik v.*

*Papiernik*, 45 Ohio St.3d 337, 344 (1989).[1]  R.C. 5801.04(B) provides that "[t]he terms of a trust prevail over any provision of Chapters 5801. to 5811. of the Revised Code . . . [except when the court] take[s] any action and exercise[s] any jurisdiction that may be necessary in the interests of justice."  And, "'[e]ven where the power of appointment is conferred by the instrument in trust upon an individual, a court of equity may control its execution so as to prevent an abuse of discretion.'" *Natl. City BK of Cleveland et al. v. Schmoltz*, 31 N.E. 444 (8th Dist. 1934), quoting Pomeroy, *Equity Jurisprudence,* § 1087; *see also Holbeck v. Squire*, 1937 Ohio Misc. LEXIS 1227, *15 (8th Dist. 1937) ("A court of proper jurisdiction could, upon showing justifying the action, remove the named trustee and appoint another.").  Mindful that the court must still comply with the order of priority in R.C. 5807.04(C), we review a probate court's appointment of a successor trustee for an abuse of discretion.  *See, e.g.*, *Galbreath v. Del Valle*, 633 N.E.2d 1185 (10th Dist. 1993).

{¶ 18}  Both parties rely on *Franklin*, 2010-Ohio-4251 (8th Dist.).  *Franklin* is factually distinguishable but still instructive in the instant matter.  The *Franklin* Court concluded that the probate court, "being a court of equity with broad equitable powers," was authorized to appoint a suitable trustee in violation of the trust instrument's terms.  *Id*. at ¶ 15.  The at-issue trust required that a daughter, Emily,

---

[1] We note Barbara's arguments contesting caselaw that predates Ohio's adoption of the Uniform Trust Code on January 1, 2007.  R.C. 5801.05 nonetheless provides that "[t]he common law of trusts and principles of equity continue to apply in this state, except to the extent modified by Chapters 5801. to 5811. or another section of the Revised Code."  Barbara has not specifically pointed to any sections that are explicitly modified by R.C. Chs. 5801 to 5811 herein, so we continue to cite cases predating the Ohio Trust Code.

appoint a "bank or trust company with a combined capital and surplus of at least $10 million [to] serve as successor trustee." *Id.* at ¶ 17. Testimony received at trial indicated that nearly all of the qualifying institutions that were contacted refused to serve because of the account balance. Accordingly, the court concluded that "no one designated by terms of the Trust, i.e. a corporate trustee, [is] willing to serve as successor trustee." *Id.* Thus, the court appointed co-trustees, one of whom was Emily. The court's appointment unquestionably deviated from the terms of the trust — the section providing that Emily may only appoint an institutional successor suggests that it was likely not contemplated that Emily herself could serve as trustee — but the trial court appointed Emily, noting that Emily was a suitable trustee because she had already managed the trust and demonstrated that she could administer the trust fairly. This matter is obviously distinguishable because appointing a bank or trust company was an impossibility in *Franklin* because of the account balance. In other words, following the trust instrument would have been impossible and thus the court made an appointment.

{¶ 19} Here, Barbara's appointment was not impossible. We find, however, that Barbara did not exercise her appointment power despite being provided with the chance, which we will explain in the proceeding paragraphs of this opinion. We likewise find that the trial court complied with the order of priority in R.C. 5801.04(B).

{¶ 20} Under subsection (B)(1) and the Trust, the parties agree that Galloway rejected his appointment and did not appoint anyone else.

{¶ 21} Under subsection (B)(2), Barbara was next in the order of priority to appoint a successor trustee. Neither party disputes this.

{¶ 22} Section (B)(3) relies upon an agreement of all beneficiaries. However, the record before us demonstrates that there was no agreement. Susan plainly objected to Barbara's alleged appointment and instead asked the court to appoint a neutral third party because of her poor relationship with Barbara and Elisabeth. Accordingly, the record supports that the parties were not in agreement about appointing a Trustee. The final option was subsection (B)(4), where the court makes an appointment.

{¶ 23} We find that the trial court heeded the order of priority under R.C. 5807.04(C)(2) because Barbara was provided with an opportunity to make her appointment or demonstrate that she could be unbiased, and she did not exercise this opportunity. On March 27, 2025, the trial court struck Barbara's alleged notice of appointment from the record and found that Elisabeth had prepared and made the appointment instead of Barbara. The notice of appointment was stricken from the record on March 27, 2025, the hearing was scheduled for May 2025, and then after a continuance, the hearing was rescheduled for June 23, 2025. During this time between the stricken notice of appointment and the hearing, Barbara could have filed any number of motions or filings as a substitute for the notice that was stricken from the record making an alternative appointment or advocating for her and Elisabeth's ability to serve as co-trustees.

{¶ 24} We further note Barbara's argument that the court's decision is improper because of the length of the hearing is unsupported by the law and record before us. That the hearing did not include an evidentiary component and that it lasted four minutes was the responsibility of the parties who elected not to introduce sworn evidence despite adequate notice from the court. That neither party submitted anything further despite the opportunity and notice of the hearing indicates that the parties consented to the court making its decision on the record before it. And, to the extent Barbara insists that the trial court should have made its decision based on sworn evidence, Barbara herself did not introduce any sworn evidence and did not object to anything at any point during the hearing. Further, Barbara does not point us to any authority, statutory or otherwise, mandating or even suggesting that a hearing was required in this instance or that the court's decision must be based on sworn evidence. She also does not argue that her due-process rights were violated because her preference for the outcome was not communicated to the court. Accordingly, on this record, we cannot find that the trial court erred in conducting the hearing.

{¶ 25} We also cannot find that the court's appointment was inconsistent with Gary's wishes. The record suggests that Gary foresaw these potential issues and qualified his daughters' appointment authority by limiting their appointments to a bank or financial institution. Elisabeth, in making the appointment on Barbara's behalf, did not appoint a bank or financial institution. Appointing a

neutral party was more consistent with Gary's wishes than Elisabeth's attempted appointment.

{¶ 26} On this record, we cannot find that the trial court abused its discretion in appointing a neutral and uninterested party nor do we find that the trial court did not follow the statutory order of priority. We do not find that the record was insufficient as Barbara suggests. This is because the parties were afforded an opportunity to build a record and neither elected to introduce sworn evidence or testimony. The record that the trial court considered and the record before us demonstrates that there are fairness and equity concerns associated with beneficiaries Barbara and Elisabeth serving as trustees because of their volatile relationship with another beneficiary, Susan. We accordingly cannot find that the trial court abused its discretion for the reasons assigned by Barbara and overrule both of Barbara's assignments of error.

{¶ 27} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the probate court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

EILEEN T. GALLAGHER, P.J., and
MICHAEL JOHN RYAN, J., CONCUR